# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

THOMAS STECKLEIN and MARY BETH STECKLEIN,

    Plaintiffs,

vs.

PAUL J. KRAMER and JANICE K. KRAMER,

    Defendants.

No. 06-CV-0031-LRR

ORDER

_____

Before the court is Defendants' "Motion for Temporary Restraining Order with Expedited Relief" (docket no. 3) ("Motion"),[1] filed on April 14, 2006. In support of their Motion, Defendants rely upon Federal Rule of Civil Procedure 65(b), Local Rule 65.1 and Local Rule 7.1(j).

Federal Rule of Civil Procedure 65(b) provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

---

[1] The court notes Janice K. Kramer did not sign the Motion. This does not comply with the Federal Rules of Civil Procedure or the Local Rules. *See* Fed. R. Civ. P. 11 (regarding signing of pleadings); L.R. 11.1 (same). Paul J. Kramer is unable to sign pleadings on behalf of Janice K. Kramer.

Fed. R. Civ. P. 65(b). The Supreme Court has recognized that these "stringent restrictions" upon the issuance of ex parte temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438-39 (1974). Ex parte orders are sometimes necessary, "but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, no longer." *Id.* at 439.

The court reviewed the Motion and all of the pleadings filed in this action.[2] The court finds Defendants have not certified to the court in writing the efforts, if any, which have been made to give notice to Plaintiffs. Moreover, Defendants have not given any reasons supporting the claim that notice should not be required. Merely stating that they took efforts, without explaining what steps were taken, or asserting that there are reasons supporting the claim that notice should not be required, without detailing what the reasons are, is insufficient.[3] Defendants have not complied with the stringent requirements of Rule 65(b), the court declines to issue a temporary restraining order.

---

[2] Although Defendants contend otherwise, the claims they make appear to be wholly without merit. Indeed, a cursory review suggests that each of the claims is frivolous.

[3] The court notes that it is unclear whether Defendants are in danger of suffering immediate and irreparable harm. Defendants do not indicate when the Jones County Sheriff intends to enforce the state court order. The state court documents submitted by Defendants suggest that action will be taken on the state court order no later than April 13, 2006. That date has passed.

In light of the foregoing, Defendants' Motion for Temporary Restraining Order with Expedited Relief (docket no. 3) is hereby **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 17th day of April, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA