# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| THOMAS STECKLEIN, MARY BETH STECKLEIN, | | |
| Plaintiffs, | | No. 06-CV-0031-LRR |
| vs. | | ORDER |
| PAUL J. KRAMER, JANICE K. KRAMER, | | |
| Defendants. | | |

_____

This matter is before the court pursuant to its order dated May 18, 2006 (Docket No. 8). In that order, the court directed Defendants to comply with Local Rule 81.1(a) by no later than May 31, 2006. On May 30, 2006, Defendants attempted to comply with the court's order by filing several additional documents related to *Stecklein v. Kramer*, Case No. SCSC005522 (Jones County Dist. Ct. 2006),[1] that is, the action for forcible entry and detainer that Defendants are trying to remove to this court. Also before the court is Defendants' "Motion to Strike All Papers Filed by, or on behalf of, Plaintiffs in the State Court and to Reverse the Orders and Rulings of the State Court" (Docket No. 11). Defendants filed such motion on June 26, 2006.

Presumably, Defendants believe removal is proper pursuant to 28 U.S.C. § 1441 and rely on 28 U.S.C. § 1446 to effectuate such removal. Nonetheless, Defendants are

---

[1] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

unable to proceed in this court because the res judicata doctrine applies to repetitive suits involving the same cause of action. *See C.I.R. v. Sunnen*, 333 U.S. 591, 597, 68 S. Ct. 715, 92 L. Ed. 898 (1948). Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981). When barring a party from asserting a claim, a court must consider three elements: 1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; and 3) whether the same cause of action and the same parties or their privies were involved in both cases. *Lundquist v. Rice Mem. Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (citing *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989)). If the three elements are met, the parties are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *C.I.R.*, 333 U.S. at 597. Here, all three elements for the application of the res judicata doctrine are met. It is abundantly clear from the docket pertaining to *Stecklein v. Kramer*, Case No. SCSC005522 (Jones County Dist. Ct. 2006), and the records submitted by Defendants that, on March 29, 2006, the Iowa District Court in and for Jones County entered judgment against Defendants and, on April 6, 2006, Defendants lost their appeal. Accordingly, Defendants' claims are barred by the res judicata doctrine and removal is inappropriate.

      Concerning Defendants' "Motion to Strike All Papers Filed by, or on behalf of, Plaintiffs in the State Court and to Reverse the Orders and Rulings of the State Court," the court need not review it; given the court's determination regarding the res judicata doctrine and removal, it is appropriate to deny the motion as moot. Nonetheless, the court notes that the motion is clearly malicious or frivolous. Defendants are directed to refrain from filing such motions.

For the foregoing reasons, the complaint is dismissed and Defendants "Motion to Strike All Papers Filed by, or on behalf of, Plaintiffs in the State Court and to Reverse the Orders and Rulings of the State Court" is denied as moot.

**IT IS SO ORDERED**.

**DATED** this 25th day of July, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA